# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>2009 DODGE CHALLENGER, VIN 2B3LJ74W49H582194,<br><br>　　　　　　Defendant. | 8:14CV189<br><br>**MEMORANDUM AND ORDER** |

The government's complaint seeks civil forfeiture of a 2009 Dodge Challenger, VIN 2B3LJ74W49H582194, seized on December 29, 2013. Claimant Carol Scarborough asserts she is an innocent owner of the Dodge Challenger.

A bench trial was held before the undersigned magistrate judge on September 30, 2015. For the reasons stated below, Carol Scarborough's claims will be denied and the defendant vehicle will be ordered forfeited to the government.

## STATEMENT OF FACTS

Having observed and heard the witnesses as they testified, the court finds the credible evidence as follows:

Claimant Carol Scarborough is 71-years-old. She lives alone at a single-family home in Northeast Omaha.. The home has a one-stall garage and a covered carport.

Carol Scarborough is the mother of four children and a grandmother of nine, including Adrian Scarborough. Carol Scarborough began employment with the United States Postal Service around 1983. In addition to her income from the U.S. Postal

Service, beginning at age 62, she received $1,500 a month from her ex-husband's Social Security Pension.

In July of 2011, a 2009 Dodge Challenger was purchased, registered and titled in Carol Scarborough's name. She continued to own and use her previously purchased 1998 Infiniti. Scarborough testified that the purchase price for the Challenger was $35,000: She paid $6,000 down and used a bank loan to pay the rest.

Carol Scarborough testified that she bought the 2009 Dodge Challenger because she was "getting ready to retire and wanted to buy [herself] something nice." At that time, she had no definite plans to retire and was not certain when she would, but she wanted to be "prepared." Carol Scarborough retired from the U.S. Postal Service in May of 2013, around two years after buying the Challenger. The timing of this retirement was not pre-planned; rather, Claimant injured her shoulder at work and decided to retire early.

After the Challenger was bought, Carol Scarborough insured it under the name and address of Kendra McClain, thereby bundling the insurance on the Challenger with insurance covering McClain's own vehicle. McClain, Adrian Scarborough's long-term girlfriend, lives in West Omaha. Claimant's 1998 Infiniti was not insured under McClain's name or address. Carol Scarborough testified that insuring the Challenger under McClain's address was less expensive than insuring it under Carol Scarborough's address. Although Adrian Scarborough, the claimant's grandson, lived with McClain, Claimant testified she "didn't even think about" bundling the Challenger insurance with Adrian Scarborough's vehicle at the West Omaha address:

Accompanied by her son Donald Scarborough, in November of 2012, Carol Scarborough purchased a new 2013 Hyundai. She sold her 1998 Infiniti. She did not

2

insure the new Hyundai under McClain's name or address.  And she did not attempt to bundle the Hyundai and the Challenger on her own insurance policy.

Carol Scarborough testified that for the first two years she owned the Challenger, she kept it either in her one-stall garage or under her carport.  She would alternate which vehicle was stored in the garage based upon which she was driving—if she was driving the vehicle, she would park it under the carport.  Claimant testified that in the winter months, the Challenger was stored either in her own garage or at McClain's address (where there was a two-stall garage) because the Challenger did not drive well in the winter.  Carol Scarborough testified that she allowed her children and grandchildren to drive the Challenger when they wished.  But when contacted by the police, she stated primary drivers were herself, McClain, and Adrian Scarborough.

In November of 2013, Carol Scarborough paid the $4,851.10 remaining balance for the Challenger.  Over the 26 months before this final payment, nearly half the loan payments were made in cash, or at least partly in cash, with small denomination bills.  See Ex. 101.  Claimant testified that in mid-November, the Challenger's back window was damaged while parked under the carport at her Northeast Omaha home.  Although intending to have the window fixed, she testified that she parked the vehicle in McClain's garage for the winter, leaving a set of keys with the vehicle.

On the evening of December 28, 2013, officers with the Omaha Police Department received a call regarding a robbery in West Omaha.  The mother of the robbery victim followed the perpetrators to McClain's neighborhood and alerted the police.  Detective Dan Martin and his partner, Detective Tyler Stricker, were dispatched to investigate.  Officer Martin is an 11-year veteran of the OPD, has worked with the Gang Unit for three years, and is trained and experienced in recognizing drug trafficking.

Officer Martin, along with two other squad cars, arrived at McClain's residence. That residence is a split-level single-family home with a two-stall attached garage. When he arrived on the scene, Officer Martin noted no vehicles were parked outside. McClain answered the door and told the officers that she lived in the home with her son and Adrian Scarborough stayed there frequently. When the door of the residence was opened, Officer Martin noticed the odor of marijuana.

While the officers were contacting McClain, Adrian Scarborough arrived, driving a rental vehicle. He told Officer Martin that he was McClain's boyfriend, and urged McClain not to let the officers search the residence. McClain denied consent to search. When Officer Martin explained that he would apply for a warrant, Adrian Scarborough left.

Officer Martin obtained a search warrant based upon the statements of the robbery victim, the victim's mother, and the strong smell of marijuana coming from the residence. When the warrant was executed, officers found a handgun registered to McClain hidden under a pillow in the master bedroom and $31,145 in cash; $14,145 located on a closet shelf, and $17,000 in seventeen separate bundles in a jacket in the same closet. Officers also found multiple packages of marijuana, totaling approximately seventeen pounds, in a hallway closet in the basement, along with a wallet with identification belonging to Adrian Scarborough.

The defendant Challenger was parked in the garage. Officers found an insurance card stating the Challenger was insured under McClain's name. In the Challenger's trunk, the officers found a duffle bag containing approximately 50 pounds of marijuana packaged in 50 individual, one-pound, vacuum-sealed bags. On the front seat, officers

found several lists containing names with dollar amounts.  The lists and marijuana packaging indicated the Challenger was being used for illegal drug trafficking.  McClain and Adrian Scarborough were arrested on charges of possession with the intent to deliver marijuana.[1]

On December 30, 2013, OPD officers contacted Carol Scarborough at her home.  Carol Scarborough stated she owned the Challenger and had stored it at McClain's residence for over a month.  She stated there were two sets of keys; she had one set and the other was at McClain's residence.  She explained that McClain and Adrian Scarborough also drove the vehicle, but she was not aware of any marijuana found in the Challenger.

Carol Scarborough's home was searched.  Officers found three glass marijuana pipes containing marijuana residue under the couch in the living room.  Carol Scarborough was ticketed for the pipes.

The forfeiture Complaint was filed on June 24, 2014.  A Claim and Answer were filed on August 1, 2014 by Adrian Scarborough.  Carol Scarborough was served with a Warrant in Rem on the same date.  The Final Pretrial Order, filed August 18, 2015, listed Carol Scarborough as the Claimant.  On September 11, 2015, counsel for the claimant filed an amended answer listing Carol Scarborough as the claimant and adding the innocent owner defense.  A bench trial was held before the undersigned Magistrate on September 30, 2015.  During that trial, Carol Scarborough testified that she owned the

---

[1] The charges against McClain were later dismissed.  Adrian Scarborough was convicted of a crime in relation to the December 28th event, but the specific charge underlying his conviction is not in evidence.

seized Challenger and she did not know Adrian Scarborough was involved in drug trafficking or was that he using the vehicle for that purpose.

LEGAL ANALYSIS

The government asserts the defendant property is forfeitable because it was "a vehicle used or intended to be used to transport or in any manner to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance," ([Filing No. 1, at CM/ECF p. 2](Filing No. 1, at CM/ECF p. 2)), and the claimant is not an innocent owner of the seized vehicle. Carol Scarborough argues she is an innocent owner and is entitled to have her vehicle returned.

1. Vehicle Subject to Forfeiture

The United States alleges the defendant vehicle is subject to forfeiture under [21 U.S.C. § 881(a)(4)](21 U.S.C. § 881(a)(4)), which states

> The following property shall be subject to forfeiture to the United States and no property right shall exist in them: . . . (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances].

[21 U.S.C. ¶ 881(a)(4)](21 U.S.C. ¶ 881(a)(4)). To prevail in a forfeiture action, the government must establish by a preponderance of the evidence that the seized property is substantially connected to drug transactions. [18 U.S.C. § 983(c)(1)](18 U.S.C. § 983(c)(1)) & (3). Circumstantial evidence can be used to establish the burden of proof. [United States v. $84,615 in U.S. Currency, 379 F.3d 496, 501 (8th Cir. 2004)](United States v. $84,615 in U.S. Currency, 379 F.3d 496, 501 (8th Cir. 2004)). While the government does not necessarily have to show a connection between the seized property and a specific drug transaction, ([United States v. $150,660.00 in U.S. Currency, 980 F.2d 1200, 1205 (8th Cir. 1992)](United States v. $150,660.00 in U.S. Currency, 980 F.2d 1200, 1205 (8th Cir. 1992))), if the government's

6

theory about past or planned drug-related use of the property is based on mere speculation, the seized property is not subject to forfeiture. United States v. $48,100.00 in U.S. Currency, 756 F.3d at 655. The court considers the totality of the evidence and circumstances, applying common sense considerations, when deciding whether the government has proved a connection between the seized property and illegal drug activity. Id. at 653. Once the government makes this showing, the burden shifts to the defendant to show the property is not subject to forfeiture or that a defense to forfeiture exists.

A vehicle used to commit drug transactions falls within the auspices of the forfeiture statute. See United States v. Dodge Caravan SE/Sports Van, 387 F.3d 758 (8th Cir. 2004); United States v. One 1982 Chevrolet Corvette, 976 F.2d 392 (8th Cir. 1992); United States v. One 1980 Red Ferrari, 875 F.2d 186 (8th Cir. 1989). In the trunk of the defendant Challenger, officers found substantial amounts of marijuana packaged in individual, one-pound, vacuum-sealed bags. On the front seat, they found ledgers with names and dollar amounts. Cash totaling $31,000 was found in the house along with a firearm. Such evidence, while circumstantial, supports a strong likelihood that the Challenger was being used to facilitate illegal drug transactions. At the very least, the Challenger was being used to conceal the marijuana and other instrumentalities of drug trafficking. The court finds a connection between the Challenger and illegal drug activity warranting forfeiture.

2. The Innocent Owner Defense

Carol Scarborough asserts that she is the true owner of the Challenger and had no information or knowledge regarding Adrian Scarborough's use of the vehicle to facilitate illegal drug activity.

7

If the government meets its burden, the claimant may nonetheless prevail if she proves, by a preponderance of the evidence, that she is an "innocent owner" of the seized currency. 18 U.S.C. § 983(d)(1). To qualify as an innocent owner, the claimant must prove she has an ownership interest as defined in the statute. Under the civil forfeiture statute, the term "owner" includes "a person with an ownership interest in the specific property sought to be forfeited," and excludes "a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6)(A) and (B); United States v. One Lincoln Navigator, 328 F.3d 1011, 1014 (8th Cir.2003). An "innocent owner" is "an owner who (i) did not know the conduct giving rise to the forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property. 18 U.S.C. § 983(d)(2)(A). A claimant bears the burden of proving she was an innocent owner by a preponderance of the evidence. United States v. One 1989 Jeep Wagoneer, 976 F.2d 1172, 1174 (8th Cir. 1992).

The Government does not dispute Carol Scarborough is the record title owner of the defendant vehicle. Instead, the Government argues she gave up dominion and control over the vehicle because (1) she did not have physical possession, (2) she surrendered the keys, and (3) the vehicle was insured under the name and address of the person with physical possession—McClain. The Government asserts that Carol Scarborough is a straw owner, Adrian Scarborough is the true owner of the Challenger, and Adrian Scarborough titled the vehicle in his grandmother's name and insured it under his girlfriend's name in an attempt to avoid any forfeiture of the vehicle if his criminal activity was ever discovered.

"The mere fact that the certificate of [vehicle] registration was issued to [the claimant] does not determine rights of ownership[.]" United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 647 F.2d 864, 866 (8th Cir. 1981). A finding of ownership is based on the identity of the individual exercising dominion or control over the vehicle. Id. at 866–67. The facts indicate that Adrian Scarborough and McClain had dominion and control over the Challenger, and not the Claimant.

Claimant had a set of keys to the car, but McClain and Adrian Scarborough also had a set and had unrestricted access to the vehicle. Claimant never lived at McClain's address, and made no effort to find out how, or how often, the vehicle was being used by her grandson or his girlfriend.

Although Carol Scarborough testified that both McClain and Adrian Scarborough had their own vehicles, other than the Challenger, no vehicles were at the McClain residence when the officers arrived. When Adrian Scarborough arrived, he was driving a rental vehicle. The Challenger was the only vehicle located at the residence and accessible to McClain and Adrian Scarborough.

The items found inside the Challenger further evidence Adrian Scarborough's control and Carol Scarborough's lack of dominion and control over the vehicle. See United States v. One 2005 Dodge Magnum, 845 F. Supp. 2d 1361, 1368 (N.D. Georgia 2012). Assuming the court believes Carol Scarborough did not know the vehicle was being used to transport or store marijuana, the stored marijuana and ledgers in the Challenger demonstrate that she did not periodically check the vehicle or use it herself.

Having heard and observed the claimant's testimony, the court questions Claimant's stated reason for insuring the Challenger under McClain's name and address.

9

Carol Scarborough explained she insured the vehicle under McClain's address instead of her own because it was less expensive. However, Claimant never insured her 1998 Infiniti nor her 2013 Hyundai using McClain's information. And she purportedly chose to insure her vehicle through her grandson's girlfriend rather than bundling the Challenger insurance with Adrian Scarborough's vehicle insurance (assuming he had a vehicle other than the Challenger), or with her son Donald's vehicle insurance.[2] Claimant's testimony on this insurance policy issue was not credible.

And her testimony about why she bought the Challenger was not credible. Carol Scarborough testified that she bought it to celebrate her upcoming retirement. But the purchase was made two years before she retired earlier than expected due to a work-related injury. Although Carol Scarborough testified that she wanted something "nice" for retirement, shortly after buying the Challenger and before her retirement, she purchased a brand-new Hyundai. So after owning a 1998 Infiniti for several years, she bought two new vehicles within 16 months, with the Challenger allegedly purchased as a second car to commemorate her retirement before she had any retirement date in mind.

Finally, the court is not convinced the Claimant even knew the total price paid for the vehicle. While she testified that the she purchased the 2009 Dodge Challenger for $35,000 in 2011, when asked to explain this high sale price for a used Dodge Challenger,

---

[2] The court also questions how close Claimant really was to her grandson, Adrian Scarborough (let alone his girlfriend). Carol Scarborough claims she never thought about insuring the vehicle under Adrian Scarborough's name, and when asked if Adrian Scarborough ever travelled out of the state to see his mother, Claimant's daughter, Claimant responded with vague answers indicating her lack of knowledge.

Claimant could identify only the vehicle's leather seats, sunroof, decent rims, and nice interior.[3]

Having observed Claimant as she testified, the court finds Claimant's testimony was not entirely credible: Her claim of ownership, dominion and control over the vehicle is not plausible. The Claimant has failed to meet her burden of showing by a preponderance of the evidence that she is an innocent owner of the 2009 Dodge Challenger.

Accordingly,

IT IS ORDERED:

1) The claim of Carol Scarborough, against defendant 2009 Dodge Challenger, ([Filing No. 28](Filing No. 28)), is denied and dismissed.

2) Judgment will be entered in accordance with this memorandum and order.

Dated this 5th day of November, 2015

                                                BY THE COURT:

                                                *s/ Cheryl R. Zwart*
                                                United States Magistrate Judge

---

[3] The court also notes that at various times throughout the testimony, Carol Scarborough mis-identified the defendant vehicle as "the Charger."